IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. 1:11cv204 |
| **DILLARD'S, INC., and DILLARD TEXAS LLC,** | § § § § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights of 1991, as amended, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Shontel Mayfield, who was adversely affected by such practices.  As alleged with greater particularity in paragraphs 10 through 21 below, Defendants Dillard's, Inc., and Dillard Texas, LLC (collectively "Dillard's") discriminated against Mayfield, in violation of Title VII, by retaliating against her for making allegations of discrimination, including her having filed a Charge of Discrimination against Dillard's with the EEOC.  The unlawful retaliation included firing Mayfield for pretextual reasons.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division. Venue is appropriate in this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Dillard's, Inc., a Delaware corporation, has continuously been doing business in the State of Texas and the City of Port Arthur, and has continuously had at least 15 employees. Dillard's, Inc., may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas, 75201-4234.

5. At all relevant times, Dillard's, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Dillard Texas, LLC, has been a Delaware limited liability company, and has continuously been doing business in the State of Texas and the City of Port Arthur. Dillard Texas, LLC may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas, 75201-4234.

7. At all relevant times, Defendant Dillard Texas, LLC, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## **STATEMENT OF CLAIMS**

8. More than thirty days prior to the institution of this lawsuit, Mayfield filed a Charge of Discrimination with the Commission alleging violations of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Defendants constitute a joint employer and/or an integrated enterprise.

10. Since at least September 2008, Defendants engaged in unlawful employment practices at their facility in the Central Mall in Port Arthur, Texas, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

11. Ms. Mayfield began working for Dillard's in July 2001. In October 2006, Dillard's promoted her to Business Manager of the Estée Lauder "workcenter" in the Dillard's store in the Port Arthur Central Mall.

12. Mayfield in September 2008 complied with a Jefferson County, Texas, Mandatory Evacuation Order and evacuated the area in advance of Hurricane Ike. Mayfield returned to Jefferson County consistent with the directives of Jefferson County's Disaster Declarations. After Mayfield returned to work on or about September 24, 2008, she was called into the Store Manager's office the next day (on or about September 25, 2008), and advised by the Store Manager and the Assistant Store Manager/Operations Manager that she was being fired for the stated reason of "Excessive Absenteeism."

13. On Mayfield's termination paperwork, Dillard's accused her of having "failed to maintain verbal communication concerning her absences with either the store manager or the operations manager." Assistant Store Manager/Operations Manager Sherry Angelle has sworn that "There was no contact with Shontell [sic] between Sept 12, 2008 and Sept. 23, 2008."

14. Mayfield, however, had placed numerous calls to Dillard's "Disaster Recovery" number, as well as to the cellular telephones of the store manager and Ms. Angelle, between September 12, 2008, and September 23, 2008. Mayfield also sent text messages.

15. Dillard's' own Evacuation Guidelines in effect in 2008 state that "No associate should be penalized, terminated, or discriminated against for leaving work or remaining away from work during the existence of" a "Mandatory evacuation ordered by local authorities."

16. Retaliation against Mayfield for her previous allegations of discrimination, rather than Mayfield's absences during the evacuation period, was Dillard's true motivation for firing her.

17. Earlier in 2008, Ms. Mayfield had filed with the EEOC a Charge of Discrimination, in which she alleged that Dillard's had discriminated against her because of her race, African-American. That charge alleged, in part, that the store manager and the assistant store manager/operations manager had engaged in discriminatory actions motivated by racial animus. In May 2008, Angelle signed a statement supporting Dillard's' defenses to Mayfield's allegations.

18. Angelle did most of the talking during the meeting [on or about September 25, 2008] in which Mayfield was advised of her firing. Angelle then had Mayfield escorted from the store.

19. Prior to being fired by Dillard's, Mayfield earned raises and a promotion.

20. In the four (4) years immediately preceding Hurricane Ike, Mayfield had not been cited for any unexcused absences.

21. Dillard's had no legitimate, non-retaliatory reason for firing Mayfield, and Defendants' stated reasons for firing Mayfield are pretexts for unlawful discrimination.

Defendants fired Mayfield in retaliation for her good-faith complaints of discrimination.

22. The effect of the practices complained of in paragraphs 10-21 above has been to deprive Shontel Mayfield of equal employment opportunities and otherwise adversely affect her status as an employee because of because of discriminatory retaliation.

23. The unlawful employment practices complained of in paragraphs 10-21 above were intentional.

24. The unlawful employment practices complained of in paragraphs 12-21 above were done with malice or with reckless indifference to the federally protected rights of Shontel Mayfield.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any retaliation in violation of Title VII against employees who make good-faith claims of discrimination.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who complain about workplace discrimination, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Mayfield by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement, or alternatively front pay.

     D.     Order Defendants to make whole Mayfield by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 21, above, including job search expenses and medical expenses, in amounts to be determined at trial.

     E.     Order Defendants to make whole Mayfield by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 21, above, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

     F.     Order Defendants to pay Mayfield punitive damages for Defendants' malicious and reckless conduct described in paragraphs 12 through 21, above, in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

     H.     Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity
Commission
131 M Street, N.E.
Washington, D.C. 20507

          _/s/_Timothy_M._Bowne_____
          Timothy M. Bowne
          Senior Trial Attorney
          Attorney-in-Charge
          Texas Bar No. 00793371

          Equal Employment Opportunity
              Commission
          1919 Smith Street, 7th Floor
          Houston, Texas 77002
          (713) 209-3395
          (713) 209-3402 [facsimile]
          timothy.bowne@eeoc.gov

          **COUNSEL FOR PLAINTIFF**
          **U.S. EQUAL EMPLOYMENT**
          **OPPORTUNITY COMMISSION**

OF COUNSEL:

Jim Sacher
Regional Attorney
Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002