**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § § | |
| *Plaintiff*, | § § § | CIVIL ACTION No. 1:11-CV-204 |
| v. | § § | |
| DILLARD'S, Inc. et al | § § | JUDGE RON CLARK |
| *Defendants*. | § § | |

**ORDER GRANTING MOTION TO APPROVE CONSENT DECREE**

Before the court is Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC" and Defendants', Dillard's Inc" and Dillard Texas LLC, ("Dillard's" or "Defendants") agreed motion for entry of a Consent Decree. [Doc. # 26]. The court is of the opinion the motion should be granted and the decree entered.

**I. Background and History of Proceedings**

A. Charging Party Shontel Mayfield Charging Party' or "Mayfield") filed charge of discrimination with the Commission (Charge No. 460-2009-02801) (the "Charge") alleging Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII).

B. On April 28,2011 , after investigating the Charge and finding discrimination, the Commission commenced this action alleging that Dillard's had retaliated against Charging Party in violation of Section 704 (a) of Title VII when it unlawfully terminated her in retaliation for having engaged in protected activity.

C. Defendants denied the allegations in the complaint.

D. The parties wish to avoid the risks, uncertainties and expenses of continued litigation. Accordingly, the parties have agreed to settle this lawsuit. Neither Defendants' consent to the entry of this Decree nor any of the terms set forth in it shall constitute or be construed as an admission of any Title VII violation. Both parties agree that this Consent Decree is being entered into for the sole purpose of compromising disputed claims without the necessity for protracted litigation.

E. The Commission and Defendants stipulate to the jurisdiction of the Court and the satisfaction of all administrative prerequisites. The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

## II. Injunctive and Charging Party Relief

IT IS ORDERED that:

1. This Consent Decree is entered in full and complete settlement of any and all claims brought by the EEOC arising out of or asserted in Civil Action No. 1: 11-cv-204 and the above-referenced Charge on behalf of Charging Party.

2. During the Consent Period, Dillard's and all of its management employees are enjoined from engaging in any employment practices which discriminate or retaliate against any individual with respect to promotion, compensation, terms, conditions or privileges of employment because such individual has opposed any practice made an unlawful employment practice under Title VII or has made a charge, testified, assisted, or participated in any manner in an investigation. proceeding, court proceeding or hearing under Title VII, including but not limited to, in connection with this case.

3. Within ten (10) days after entry of this Decree, Defendants will conspicuously post the attached notice (Exhibit "A") in an area accessible to all employees at Defendants' Port Arthur and Beaumont Store locations for one (1) year.

4. Within ten (10) days after entry of this Decree, Defendants will remove from Charging Party's' personnel files any documents referencing her charges of discrimination, the Commission's lawsuit or this Consent Decree entered in resolution of the lawsuit. These documents shall not be part of her personnel files but shall be kept segregated in separate, confidential folders. Further, Defendants will not reference any facts or information relating to the charge, the lawsuit or the Consent Decree to any potential employer of Charging Party. It further agrees to provide in response to any written or verbal inquiries from potential employers a neutral job reference, stating her dates of employment, position or title, ending salary and that she is eligible for rehire. Defendants shall not reference the charges of discrimination, the Commission's lawsuit or this Consent Decree.

5. Defendants agree to pay the total gross sum of FIFTEEN THOUSAND DOLLARS AND NO CENTS ($15,000.00), in full and final settlement of the Commission's lawsuit to provide monetary relief to Shontel Mayfield. Said sums shall be paid within ten (10) days from the date of entry of the Decree. Said settlement sum shall be paid as $3,000 as back wages, from which applicable withholding taxes shall be deducted and $12,000 as general damages, from which no withholding taxes shalt be made. Said sums shall be paid within fourteen (14) days from the date of entry of the Decree. Defendants shall mail or deliver the settlement check to Ms. Mayfield at the address provided by the Commission to Defendants. Within ten (10) days of mailing or delivery of the check to Ms. Mayfield, a copy of the checks disbursed to her shall be mailed to the Commission's undersigned counsel of record.

6. The sums payable to Ms. Mayfield may be subject to federal or state income tax. Defendants agree to issue Internal Revenue Service ("IRS") Forms W-2 and 1099 or an equivalent

forms to Ms. Mayfield for all sums paid pursuant to this Consent Decree no later than January 31, 2013. Ms. Mayfield will be responsible for paying any federal, state or local taxes, including federal income tax that may be due on the aforementioned monetary award. Defendants make no representation as to the tax status of the funds being paid herein.

7. Each party to this action shall bear their own costs and attorney fees.

8. This Consent Decree shall be binding on Defendants and all of Defendants' successors-in-interest, and Defendants will notify all such successors-in-interest of the existence and terms of this Consent Decree.

9.  During the Consent Period, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. The Commission is specifically authorized to seek Court-ordered enforcement of this Decree in the event of a breach of any of the provisions herein.

10. In the event the Commission believes Defendants are in violation of any provision of this Consent Decree, the Commission shall notify Defendants, through their undersigned counsel, of such violation and afford Defendants the opportunity to remedy as may be appropriate any such alleged violation within 14 days of such notice, before instituting any legal action to enforce such provision( s).

11 . Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under Title VII or any other statute which the Commission enforces in the future for any alleged violations by Defendants not resolved by this Decree.

So **ORDERED** and **SIGNED** this **3**   day of **August, 2012.**

_____
Ron Clark, United States District Judge



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

1201 Louisiana Street, Suite 600
Houston, TX 77002
(713) 651-4900
TTY (713) 651-4901
FAX (713) 651-4902
LEGAL (713) 651-4943

# NOTICE TO THE EMPLOYEES OF
# DILLARD'S INC. AND DILLARD TEXAS, LLC.

THIS NOTICE IS POSTED PURSUANT TO THE CONSENT DECREE ENTERED IN RESOLUTION OF A LAWSUIT BROUGHT BY THE EEOC REGARDING RETALIATION IN THE WORK PLACE PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.

1. Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's sex, race, color, religion, national origin, age or disability with respect to compensation, hiring or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against any employee who complains about discrimination on any of these bases.

2. DILLARD'S supports and will comply with such Federal law in all respects and will not retaliate or take any action against current or former employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission (EEOC), provided information to the EEOC and/or participated in any manner with an EEOC investigation or lawsuit or provided information during the company's investigation of any discrimination or harassment complaint.

3. DILLARD'S prohibits discrimination and retaliation and will not engage in the practice of altering the terms and conditions of employment against employees or former employees who have exercised their rights by filing charges with the EEOC, providing information to the EEOC, and/or participated in any way with such charge or process.

4. Discriminatory or retaliatory employment practices will not be tolerated at DILLARD'S.

5. Any employee who feels they have been the target of discrimination or retaliation is advised to report this action promptly to Mark Gastman, (225) 761-2310, mark.gastman@dillard.com .

SIGNED this _____ day of _____, 2012.

_____
Paul J. Schroeder, Jr.
General Counsel
Dillard's Inc.

This OFFICIAL NOTICE shall remain posted for one (1) full year from date of signing.